STATE v. CHAS. MILLER.

CRIMINAL LAW. *Practice. Judgment. Verdict.* Judgment may be entered at a term subsequent to that when the verdict was rendered.
Case cited: Nolin v. State, 6 Cold., 12.

FROM SHELBY.

Appeal from the Criminal Court. JNO. R. FLIPPIN, Judge.

ATTORNEY-GENERAL HEISKELL for the State.

A. H. DOUGLASS for defendant.

FREEMAN, J., delivered the opinion of the court.

The only question in this case is raised on the fact that the defendant was tried and convicted of larceny April, 1872, but from some cause not shown in the record, the court omitted or failed to enter judgment on the finding of the jury until July, during the next succeeding term.

There was no error in this of which the defendant can complain. There can be no doubt but that the court may suspend judgment in its discretion for proper reasons shown, and nothing appearing to the contrary. In favor of the propriety of the action of the court we would presume good cause appeared for such suspension.

The case of *Nolin* v. *The State*, 6 Cold., 12, in principle is conclusive of this question. It is true, motion had been made in arrest of judgment in the court below, but it had been overruled, and the defendant appealed. The court failing to render judgment this court sent the case back to the Circuit Court for judgment to be entered, on the ground that the appeal did not lie until final judgment; but it would have been absurd to send back for judgment if the court had no jurisdiction to render it, after the term had expired.

We think the question too clear for argument, and affirm the judgment of the court below.